UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-90-PEP

LILLIAN COLEMAN,                                              PLAINTIFF,

V.                        **MEMORANDUM OPINION
AND ORDER**

JO ANNE B. BARNHART,
Commissioner of Social Security,                            DEFENDANT.

## I. INTRODUCTION

Plaintiff, Lillian Coleman, has brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for disability insurance benefits and Supplemental Security Income payments. This matter is before the undersigned upon the parties' stipulation of consent pursuant to 28 U.S.C. § 636(c). [Record Nos. 8 and 10.] In lieu of an Answer, the Defendant Commissioner has filed a Motion to Remand pursuant to Sentence Six of 42 U.S.C. § 406(g). [Record No. 12.] Said motion shall be granted, this matter shall be remanded to the Commissioner for further proceedings and shall

be placed on the Court's inactive docket, subject to being restored to the active docket upon motion of either party.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff tendered her complaint for filing in this Court on March 22, 2005 [Record No. 2], along with a motion for leave to proceed in forma pauperis [Record No. 1] , which the presiding district judge, Hon. David L. Bunning, granted by order dated March 31, 2005 [Record No. 4].  Also on March 22, 2005, Plaintiff, by counsel, filed a stipulation of consent pursuant to 28 U.S.C. § 636(c).  [Record No. 3.] Summons was issued on March 31, 2005, and returned executed on April 13, 2005. [Record Nos. 5 and 7.]  On April 12, 2005, counsel for the Defendant Commissioner filed a § 636(c) stipulation of consent.  [Record No. 8.]  By Order dated May 16, 2005, Judge Bunning referred this case to the undersigned for all further proceedings, including entry of judgment, by virtue of both parties' stipulations of consent. [Record No. 10.]

On June 3, 2005, in lieu of filing an Answer, the Defendant Commissioner filed a "Motion to Remand," seeking remand under sentence six (6) of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).  [Record No. 12.]  The basis stated in the motion for such a remand is that the Office of Hearings and Appeals (OHA) has requested a voluntary remand of the claim for further administrative proceedings, i.e.,

remand to an Administrative Law judge following Appeals Council review. [Id.] Accordingly, the Defendant Commissioner is currently unable to prepare a certified record for filing herein. [Id.]

Given the nature of the Defendant Commissioner's Motion to Remand, and in order to expedite this matter, this Order has been issued without awaiting receipt of a response to the motion from counsel for Plaintiff. Counsel for Plaintiff has informally advised the undersigned's office that Plaintiff does not object to the Defendant Commissioner's said motion.

### III. ANALYSIS

A. Applicable Law on Remand

The party seeking remand bears the burden of showing that a remand is proper under § 405(g). Oliver v. Secretary of Health of Human Servs., 732 F.2d 155 (6th Cir. 1984); Ridge v. Barnhart, 232 F.Supp.2d 775, 787 (N.D. Ohio 2002). Sentence four and Sentence six of § 405(g) of the Social Security Act empowers the court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the cause for rehearing." See also Shalala v. Schaefer, 509 U.S. 292 (1993); Melkonyan v. Sullivan, 501 U.S. 89 (1991).

In sentence four remands, the District Court enters a judgment affirming,

modifying or reversing the decision of the Defendant Commissioner. Faucher v. Sec'y of Health & Human Servs., 17 F. 3d 171, 174 (6th Cir. 1994). A sentence four remand provides the required relief in cases where there is insufficient evidence on the record to support the Commissioner's conclusions and further fact-finding is necessary. Id. In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." Faucher, 17 F.3d at 175. The judgment entered is a final and appealable judgment, and thus, the District Court loses jurisdiction over the matter. Jackson v. Chater, 99 F.3d 1089, 1095 (11th Cir. 1996).

For a remand under sentence six, the moving party must show that: (1) there is new, non-cumulative evidence; (2) the evidence is "material" – i.e., both relevant and probative, so that there is a reasonable possibility that it would change the administrative result; and, (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson, 99 F.3d at 1090-1092; see also Willis v. Sec'y of Health & Human Servs., 727 F.2d 551, 554 (6th Cir. 1984).

The remedies provided in § 405(g) are not mutually exclusive. Jackson, 99 F.3d at 1095-97 (explaining rationale for "dual basis remand"); see also St. Cyr v.

Chater, 1995 WL 870967, at *1 (W.D.N.Y.1995) (Elfvin, J., adopting report & recommendation of Heckman, M.J.). That is, where the Commissioner's determination is in error and new, material evidence has been proffered, the court may direct that the case be remanded to the Commissioner under the authority of both sentence four and sentence six. Id. In such a case, the court's remand order constitutes both entry of judgment on the sentence four prong and retention of jurisdiction on the sentence six prong. As explained by the Eleventh Circuit in Jackson v. Chater:

> It is true that a district court cannot simultaneously terminate and retain jurisdiction over a case, but what happens with a dual basis remand is that the district court retains jurisdiction over the case pursuant to sentence six of § 405(g). The statute provides that a district court must retain jurisdiction over a case remanded for consideration of additional evidence. The entry of judgment remanding the case does not end the jurisdiction of the district court, so long as a sentence-six ground for remand is included in the remand order. The entry of judgment at the time the case has been remanded reflects the fact that the case has been remanded on sentence-four grounds as well.

99 F.3d at 1097. Although the Supreme Court has remarked that "[i]mmediate entry of judgment ... is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand," Schaefer, 509 U.S. at 297, in practice, courts have rarely treated the absence of final judgment as dispositive. See e.g., id. at 296-97 (identifying the remand before it as pursuant to sentence four despite the non-entry of judgment); id. at 299 (characterizing the remand in Hudson, which did not accompany a

5

judgment, as a sentence-four remand); <u>Flores v. Shalala</u>, 49 F.3d 562, 569 (9th Cir. 1995) (identifying a remand as pursuant to sentence four despite the non-entry of judgment); <u>Flanders v. Shalala</u>, 1994 WL 329482, **2-3, 1994 U.S. Dist. LEXIS 9189, *7 (N.D.N.Y. July 1, 1994).

### B.  Appropriate Type of Remand in this Case

In this case, no Administrative Transcript has been filed, and thus, this court has not been provided with any basis to determine whether the denial of Disability Insurance benefits and SSI benefits to Plaintiff was erroneous.  Because the Defendant Commissioner seeks remand on the basis of sentence six (6) of §405(g) and the requisite "good cause" for a sentence six remand with retention of jurisdiction by this court has been shown,[1] remand for further proceedings on the basis of sentence six shall be ordered.

### IV.  CONCLUSION

Therefore, for the reasons set forth above,

IT IS ORDERED HEREIN AS FOLLOWS:

---

[1] Sentence six remands may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency.  <u>Schaefer</u>, 509 U.S. at 297 n. 2.  Unlike sentence four remands, sentence six remands do not constitute final judgments.  Rather, "[i]n sentence six cases, the filing period does not begin until after the post-remand proceedings are completed, the Commissioner returns to court, the court enters a final judgment, and the appeal period runs."  <u>Melkonyan</u>, 501 U.S. at 102.

6

(1) The Defendant Commissioner's Motion to Remand [Record No. 12] is hereby GRANTED.

(2) This matter is hereby REMANDED to the Commissioner pursuant to sentence six (6) of § 205 of the Social Security Act, 42 U.S.C. §405(g), for further proceedings consistent with said motion to remand.

(3) This matter is hereby STRICKEN from the active docket of this Court, to be restored to the active docket upon motion by any party for good cause shown.

Signed June 7, 2005.

Signed By:
**Peggy E. Patterson** PEP
United States Magistrate Judge

Date of Entry and Service: